UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| Marco Verch | ) | |
| Plaintiff, | ) | Docket No. 3:19-cv-1177 |
| | ) | |
| v. | ) | |
| | ) | |
| Toolfarm.com, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) OR ALTERNATIVELY TO TRANSFER VENUE UNDER 28 U.S.C. §1404(a)

Defendant Toolfarm.com, Inc ("Defendant") respectfully submits the following memorandum of points and authorities in support of its Motion to Dismiss the Amended Complaint or Alternatively to Transfer Venue.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

This is an action for federal copyright infringement.  Plaintiff is a citizen of Germany.  He has brought this lawsuit against Toolfarm.com, Inc. (hereinafter "Defendant"), a Delaware corporation headquartered and with its principal place of business in San Francisco, California.  Because Defendant lacks minimal contacts with the State of Indiana, and because the conduct alleged in the Amended Complaint has no connection to the State of Indiana, Defendant brings this motion to dismiss under

1

Federal Rule of Civil Procedure 12(b)(2) based upon the complete lack of personal jurisdiction. Should the Court find some basis for personal jurisdiction, Defendant moves for change of venue to the United Stated District Court for the Northern District of California pursuant to 28 U.S.C. §1404(a).

## II. STATEMENT OF FACTS

According to the Amended Complaint, Plaintiff is a photographer with his principal place of business in Germany. (Complaint, ¶5.)

Defendant is a Delaware corporation, headquartered and with its principal place of business in San Francisco, California. (Declaration of Jason Sharp, ¶2.) Defendant's Chief Executive Officer, Jason Sharp, is a San Francisco, California resident. (Declaration of Jason Sharp, ¶2.) None of Defendant's officers or directors is an Indiana resident. (Declaration of Jason Sharp, ¶2.) Contrary to the "on information and belief" allegation that Plaintiff added to the Amended Complaint at paragraph 7, Defendant does not have any senior level executives that are based in South Bend, Indiana. (Declaration of Jason Sharp, ¶¶2, 11.) Defendant is a reseller and distributor over the internet of video software products, visual effects tools, and plugins, with an emphasis on After Effects, motion graphics, and 3D Animation tools. (Declaration of Jason Sharp, ¶3.) Because Defendant is an internet-based company, many of Defendant's employees work remotely via the internet. (Declaration of Jason Sharp, ¶4.)

Defendant has no offices or places of business in the State of Indiana. (Declaration of Jason Sharp, ¶5.) All of Defendant's files and records are in California.

2

(Declaration of Jason Sharp, ¶6.)   Defendant is not licensed to do business and has no authorized agent in the State of Indiana.  (Declaration of Jason Sharp, ¶7.)   Defendant maintains no bank accounts in the State of Indiana.  (Declaration of Jason Sharp, ¶8.)  Defendant has no real estate in Indiana, nor does it lease property in Indiana.  (Declaration of Jason Sharp, ¶9.)  Users in Indiana represent approximately 0.003% of Toolfarm.com, Inc.'s total 2019 revenue, including both direct customers and Indiana customers purchasing through a reseller, not located in Indiana.  If only Indiana direct customers are considered, it would be approximately 0.00176% of total revenue.  These numbers are approximately the same year to year.  (Declaration of Jason Sharp, ¶10.)

Of Defendant's eleven employees, Defendant has one employee who works remotely from her residence in South Bend, Indiana, Heather Sutton.  (Declaration of Jason Sharp, ¶11.)   Ms. Sutton is not a senior level executive, officer or managing agent for Defendant.  (Declaration of Jason Sharp, ¶11.)   Her residence is not a place of business for Defendant, and Defendant maintains no offices at her residence or in South Bend, Indiana.  (Declaration of Jason Sharp, ¶11.)  Ms. Sutton's duties involve cultivating relationships with Defendant's clients and value-added resellers, introducing new product lines, sharing product update information, and assisting in managing subscriptions and maintenance agreements, all via the internet.   (Declaration of Jason Sharp, ¶11.)  Her duties are not directed specifically towards the State of Indiana or Indiana residents.  (Declaration of Jason Sharp, ¶11.)    Her duties have nothing to do with selecting images for use on the website or design of the Toolfarm.com website.  (Declaration of Jason Sharp, ¶11.)   Her duties have nothing to do with the alleged selection or use of Plaintiff's photograph on the Toolfarm.com website.  (Declaration of

3

Jason Sharp, ¶11.)

Defendant does not advertise in any publications specifically directed or geared towards Indiana or Indiana residents. (Declaration of Jason Sharp, ¶12.) Defendant does not direct any advertisement or marketing to Indiana or Indiana residents. (Declaration of Jason Sharp, ¶12.) Defendant merely has a website which can be accessed worldwide. (Declaration of Jason Sharp, ¶12.) Defendant does not purposefully direct any of its activities towards the State of Indiana. (Declaration of Jason Sharp, ¶13.)

### III. **DEFENDANT'S CONTACTS WITH INDIANA DO NOT SUPPORT THE EXERCISE OF PERSONAL JURISDICTION OVER DEFENDANT BY THE COURT,**

Federal Rule of Civil Procedure 12(b)(2) allows a Defendant to move to dismiss an action due to lack of personal jurisdiction. The plaintiff, not the defendant, has the burden of proof to demonstrate that jurisdiction exists. *Charlesworth v. Marco Manufacturing Co.*, 878 F.Supp. 1196, 1199 (N.D. Ind. 1995). Jurisdictional allegations cannot be made on "information and belief," or with similar qualifications. *Medical Assurance Co., Inc. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Auto-Owners Insurance Co. v. Pletcher*, No. 3:18-CV-949-JD-MGG, 2019 WL 3066537 (N.D. Ind., South Bend Div.. 2019). The federal court's personal jurisdiction over a non-resident defendant is co-extensive with the forum state's jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); *Scott Turnock v. Cope*, 816 F.2d 332, 224 (7th Cir. 1987); *Lakeside Bridge & Steel v. Mountain State Const. Co., Inc.*, 597 F.2d 596, 598 (7th Cir. 1979). The exercise of

jurisdiction must comport with both the forum state's long-arm statute and the Fourteenth Amendment's Due Process Clause. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Indiana's Rules of Procedure, Trial Rule 4.4 extends personal jurisdiction to the extent allowed by federal due process. *Charlesworth v. Marco Manufacturing Co., supra*, 878 F.Supp. at 1200.

For a court to exercise personal jurisdiction over a nonresident defendant under federal law, the defendant must have sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Using the "minimum contacts" analysis, a court may obtain either general jurisdiction or specific jurisdiction over a non-resident defendant. *Walden v. Fiore,* 571 U.S. 277, 283-284 (2014).

### A. There Is No Basis for General Jurisdiction.

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)). These contacts must be so substantial as to justify suit against a defendant on claims totally unrelated to those contacts. *International Shoe Co. v. Washington, supra*, 326 U.S. at 318. "The standard for establishing general jurisdiction is "fairly high." *Intermatic Inc. v. Taymac Corp.*, 815 F. Supp. 290, 293 (S.D.Ind.1993), citing *Wilson v. Humphreys Ltd.*, 916 F.2d 1239, 1245 (7th Cir.1990). Sales in the jurisdiction, if not a significant percentage of the total business, do not give rise to

personal jurisdiction.  (*Charlesworth v. Marco Manufacturing Co., supra*, 878 F.Supp. at 1201.  These contacts must be so extensive to be tantamount to the Defendant being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Indiana court in any litigation arising out of any transaction or occurrence taking place anywhere in the world.  *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003).

With an internet company, "Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is interactive."  *BE2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011).  The question is whether the defendant has exploited the market of the forum state.  *Id.*  Beyond having a website, the defendant must in some way target the forum state's market.  *Id.* at 559.  "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."  *Id.*

In the present case, Defendant's contacts with Indiana are not sufficient to give rise to general jurisdiction.  Defendant has no offices or places of business in the State of Indiana.  Defendant does not target its marketing or sales specifically to Indiana or Indiana residents.  Only a miniscule amount of business is done with Indiana residents.  It does nothing to exploit the Indiana market.  It would be fundamentally unfair to require it to defend a lawsuit in Indiana arising from its alleged conduct outside the State.  Its contacts are therefore insufficient to give rise to general jurisdiction.

### B. There Is No Basis for Specific Jurisdiction.

Specific jurisdiction exists when the defendant's contacts with the forum are related to the controversy and those contacts reach a "minimum" threshold. *International Shoe Co. v. Washington, supra*, 326 U.S. at 315-317.  Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  In actions that sound in tort, courts typically analyze purposeful availment under the "effects test," which examines whether a non-resident defendant's conduct caused sufficient effects in the forum state to support the exercise of personal jurisdiction over the defendant. *Calder v. Jones*, 465 U.S. 783, 789 (1984). The claims must be based on intentional conduct by the defendant that created the contact with the forum.  *Walden v. Fiore*, 571 U.S.  277, 284 (2014).

Here, Defendant has not directed its activities towards Indiana.  Defendant's alleged use of Plaintiff's photograph is unrelated to the forum.  Defendant's employee who resides in Indiana had nothing to do with the claims being raised by Plaintiff.  There is no basis for specific jurisdiction.

### C. Exercise of Personal Jurisdiction Would Be Unreasonable

Even if Plaintiff were able to enunciate some recognizable basis for personal jurisdiction, exercise of personal jurisdiction in this case would be unreasonable.  In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985), the Supreme Court

determined that the factors to be considered when determining whether the exercise of personal jurisdiction comports with "fair play and substantive justice" include: (1) the burden on the defendant, (2) the forum states' interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering substantive social policies.

Here, the burden on the Defendant, a Delaware corporation whose headquarters and principal place of business are in California would be substantial.  The State of Indiana has no interest in adjudicating a dispute between a German national and a California-based company.  The forum is not convenient to Plaintiff, a German national with a New York lawyer.  Resolution in Indiana is not an efficient use of judicial resources.  Finally, the State of Indiana's interests would not be furthered by adjudication of this dispute between a foreign national and an out-of-state company.  There is no basis for exercise of personal jurisdiction.

## IV.     **IF THE COURT DOES FIND A BASIS FOR PERSONAL JURISDICTION, DEFENDANT REQUESTS THAT THE COURT GRANT ITS MOTION FOR CHANGE OF VENUE.**

Even if personal jurisdiction is found, 28 U.S.C. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This section gives the district court discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  When exercising

its discretion, the court considers the three factors specified in Section 1404(a)—the convenience of the parties, the convenience of the witnesses, and the interest of justice—in light of all the circumstances of the case. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 & n. 3 (7th Cir.1986).) The relative weight to be accorded each factor is not specified in Section 1404(a), rather, "[t]he weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id*. The movant bears the burden of persuading the court that the cause should be transferred. *Boone v. Sulphur Creek Resort, Inc.*, 749 F.Supp. 195, 201 (S.D.Ind.1990).

Here, the convenience of the parties favors relocation of the matter to the United States District Court for the Northern District of California. Defendant, its officers, and its files and records are all located in San Francisco, California. Plaintiff has no connection to Indiana, being a German resident according to the Complaint with a New York attorney. No parties or witnesses have any connection to Indiana. The interests of justice clearly favor resolution in the Northern District of California.

### V.     **CONCLUSION**

For all of the foregoing reasons, the Court should grant the motion to dismiss the Amended Complaint and find that the Court lacks personal jurisdiction over Defendant.

///

///

Alternatively, the Court should grant change of venue to the United States District Court for the Northern District of California.

Dated: March 23, 2020                          Respectfully submitted,

By:   /s/ *Kevin R. Lussier*
Kevin R. Lussier *(admitted pro hac vice)*
Kim D. Ashley *(admitted pro hac vice)*
**VEATCH CARLSON, LLP**
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017
Phone: (213) 381-2861
Facsimile: (213) 383-6307
klussier@veatchfirm.com
kashley@veatchfirm.com

-and-

Adam C. Hawkins
**LAW OFFICES OF STAFF COUNSEL FOR FARMERS INSURANCE EXCHANGE**
161 N. Clark Street, Suite 1800
Chicago, IL 60601
Mailing Address:  P.O. Box 258829
Oklahoma City, OK 73125-8829
Phone: (312) 251-3530
adam.hawkins@farmersinsurance.com

*Attorneys for Toolfarm.com, Inc.*